Argued June 20, affirmed July 14, 1975

# MARTIN W. HALL, *Appellant, v.* CUPP
## (No. 86354), *Respondents.*

537 P2d 584

*Don S. Dana,* Salem, argued the cause and filed the brief for appellant.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Petitioner, an inmate of the Oregon State Penitentiary, brought this habeas corpus petition to challenge the constitutionality of the informal preliminary hearing utilized by the Oregon State Board of Parole in fixing the tentative future date on which he will first be considered for parole, namely, April 1976.

Petitioner contends that the trial court erred in ruling that the Board's preliminary hearing procedures do not violate petitioner's constitutional rights and dismissing the petition.

The main thrust of petitioner's contention is that when an inmate appears before the Board at this preliminary hearing he is entitled to a hearing which meets the standards announced in *Morrissey v. Brewer,* 408 US 471, 92 S Ct 2593, 33 L Ed 2d 484 (1972). Petitioner also relies on *Wolff v. McDonnell,* 418 US 539, 94 S Ct 2963, 41 L Ed 2d 935 (1974).

██ In *Sterling v. Bd. of Parole,* 16 Or App 481, 519 P2d 1047, Sup Ct *review denied* (1974), this court held that ORS 144.310 to 144.400, the statutes relating to judicial review of parole board decisions, did not authorize this court to entertain a petition for review of the order of the board fixing the holding of a parole hearing concerning petitioner Sterling for a date 10 years hence. As in the case at bar, petitioner Sterling had not been considered for, nor previously granted, parole.

As we said in *Sterling*:

"* * * *Morrissey* did not deal with the procedural rights of inmates relating to the initial granting of parole. *Gagnon v. Scarpelli,* 411 US 778, 93 S Ct 1756, 36 L Ed 2d 656 (1973) * * * raises no constitutional due process considerations having application to this case. * * *" 16 Or App at 491.

The same can be said of *Wolff v. McDonnell,* supra.

For the above reason we agree with the trial court that the Board's preliminary hearing procedure does not violate petitioner's constitutional rights in the particulars alleged.

Affirmed.